**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL E. BROOKS-MCGILLAN,<br><br>PLAINTIFF,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Michael E. Brooks-McGillan ("Plaintiff" or "Michael"), by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant, Ocwen Loan Servicing (hereinafter "Defendant" or "Ocwen"), alleges as follows:

## I.     INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.     JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331. Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

### III.  PARTIES

3. Plaintiff, Michael Brooks-McGillan, is a natural person residing in Polk County, Iowa.

4. Defendant, Ocwen, is a business principally located in Florida who is engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. At some point in time, the Plaintiff incurred a financial obligation to GMAC Mortgage (account ending in 9488) that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. The Plaintiff obtained a loan from GMAC which was secured by a second mortgage against real property located at 110 E. Leland Ave, Des Moines, IA 50315 ("the property").

9. At some point in time the Plaintiff defaulted loan obligation with GMAC. For other financial reasons, the Plaintiff filed for Chapter 7 bankruptcy relief on June 2, 2011, bankruptcy case no. 11-02278.

10. As of the date of the bankruptcy filing, the Plaintiff ceased making payments to GMAC on the second mortgage.

11. At the time the Plaintiff filed for bankruptcy protection GMAC was listed as a secured creditor.

12. The Plaintiff did not execute a reaffirmation agreement.

13. The Plaintiff received their Chapter 7 Bankruptcy Discharge on September 7, 2011. Any debts owed to GMAC were discharged in the bankruptcy.

14. CitiMortgage, the first mortgage lien holder against the property, instituted a foreclosure action, EQCE065068, against the Plaintiff on April 12, 2010.

15. GMAC did not attach themselves to the foreclosure action as a junior lien holder.

16. Judgment against the Plaintiff in the foreclosure action was entered on September 16, 2010 and a special executed sale of the property occurred on January 11, 2011. CitiMortgage filed a Satisfaction in Full on August 31, 2011.

17. Sometime thereafter, GMAC sold, assigned, or otherwise transferred the loan to the Defendant for collection, when thereafter the Plaintiff began receiving collection communication from the Defendant in an attempt to collect this debt.

### *Collection Communication Dated February 16, 2013*

18. The Plaintiff received correspondence from the Defendant dated February 7, 2013. Said notice advised the Plaintiff that the servicing of account ending in 9488 was transferred to the Defendant.

19. The notice went on to advise the Plaintiff that the total amount of the debt was $29,275.77, that the amount may be higher due to interest, late charges, and other charges and that those charges may continue to accrue on the account.

20. The notice included the statement "This is an attempt to collect a debt and any information obtained will be used for that purpose."

21. The notice also included the following Notice regarding Bankruptcy:

Because GMACM is the subject of a bankruptcy proceeding, federal law requires either GMACM or Ocwen to send you this notice not more than 0 days after the effective date of the transfer of the servicing of your loan. In

this case, all necessary information is combined in this one notice. Please review the reverse side of this letter for legal disclosures, notices and state requirements.

22. This notice is entirely misleading as it attempts to collect a debt then attempts to retract that statement. The notice misrepresents that the notice is only to protect a lien interest wherein no lien interest exists.

23. Notwithstanding the misleading nature of said correspondence, the Defendant's continued communications with the Plaintiff infringes on his ability to obtain a "fresh start" pursuant the purpose of the Chapter 7 Bankruptcy Discharge.

24. As a result of said correspondence, the Plaintiff, Michael, felt emotional distress, fear, anxiety, nervousness, stress, time from work and anger.

25. This correspondence from Defendant was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692(f)(1), amongst others.

## V. FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Ocwen Loan Servicing, LLC, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

28. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory

damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** Plaintiff pray that judgment be entered against the Defendant:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiffs;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiffs;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiffs; and

- For such other and further relief as may be just and proper.

### VI.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF